No. 57015.—L. Bamberger & Co. v. United States, protest 141884–K (New York).

Oliver, Chief Judge: Counsel for the respective parties have stipulated that the merchandise in question consists of glass objects in the shape of an oversized wine glass or goblet, composed of decorated blown glass, not cut, engraved, or cased, and pendants of plain cut glass, and that the value of the "goblet" with the pendants, exceeds $1.

The goblets and the pendants were imported together but in their imported condition the pendants were not attached to the goblets. Eventually, the pendants are attached to the glass goblets by pieces of wire that are fastened to each pendant and then pass through a hole provided for that purpose around the rim of the goblet. Sometimes the articles are imported with the pendants attached to the goblets, and sometimes with the pendants separate in the same shipment. The articles are usually imported in pairs. Their use is mainly decorative but they are sometimes converted into lamps.

The collector assessed duty at the rate of 60 per centum ad valorem under paragraph 218 (f), Tariff Act of 1930, which provides for:

Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 60 per centum ad valorem.

The collector, in his memorandum attached to the invoice, plaintiff's exhibit 3, describes the shipment in question as follows:

The merchandise in question consists of glass lustres & pendants decorated blown but not cut engraved or cased, and was returned for duty under Par. 218–f Act of 1930 @ 60%.

We find nothing in the above-quoted statement to indicate that the collector regarded the individual parts of the importation to be separate entities.

Plaintiff claims that the merchandise, being concededly composed in part of cut glass, is classifiable under paragraph 218 (f), Tariff Act of 1930, as modified by the trade agreement with the United Kingdom, T. D. 49753, which reads as follows:

Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, if cut or engraved, however provided for in paragraph 218 (f), Tariff Act of 1930, and valued at not less than $1 each (except articles primarily designed for ornamental purposes, decorated chiefly by engraving and valued at not less than $8 each), 45% ad val.

Although Government counsel at the time of trial stated that defendant claimed that the pendants were separately classifiable, that contention has not been argued in counsel's brief. In any event, the record is conclusive in showing that the parts comprising the importation, when joined or attached together, form a complete article. In the case of Altman & Co. v. United States, 13 Ct. Cust. Appls. 315, T. D. 41232, the principle for determining whether articles shall be considered as entireties for tariff purposes was expressed as follows:

* * * if an importer brings into the country, at the same time, certain parts, which are designed to form, when joined or attached together, a complete article of commerce, and when it is further shown that the importer intends to so use them, these parts will be considered for tariff purposes as entireties, even

though they may be unattached or inclosed in separate packages, and even though said parts might have a commercial value and be salable separately.

Under the foregoing rule, the articles comprising the importation under consideration are entireties.

Counsel for defendant, in their brief, stress the question of component material of chief value, contending that plaintiff did not meet its burden of proof to show that the articles in question are in chief value of blown glass. That contention, however, completely overlooks the collector's memorandum stating that the merchandise consists of decorated blown glass. That statement by the classifying officer, which appears in the present record as part of plaintiff's proof, is sufficient in the absence of evidence to the contrary, to find as a matter of fact that the present merchandise is composed chiefly of blown glass.

· The undisputed facts, coupled with the official papers (plaintiff's exhibits 1, 2, and 3), establish that the merchandise in question is specifically provided for under the provision in paragraph 218 (f) as modified, *supra*, for "articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, if cut or engraved   *   *   *   and valued at not less than $1 each" and dutiable thereunder at the rate of 45 per centum ad valorem, as claimed by the plaintiff. The protest is, therefore, sustained and judgment will be rendered accordingly.